```
                                    FILED

                                2003 NOV -3  P 12:58
```

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    US DISTRICT COURT
                           BRIDGEPORT CT

| | |
|---|---|
| DANIEL W. DUMONT : | |
|                 Plaintiff : | Civil Action No. 302CV548(SRU) |
| v. : | |
| JOHN A. COLLINS, III, : | |
| (SUISMAN, SHAPIRO, WOOL, BRENNAN, : | |
| GRAY, & GREENBERG, P.C.), : | |
| MARTHA S. TRIPLETT, : | |
| LAW OFFICES OF LARRY H. LEWIS, & : | |
| SCOTTSDALE INS. CO. [sic] : | |
|                 Defendants : | OCTOBER 30, 2003 |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### OF DEFENDANTS COLLINS AND SUISMAN, SHAPIRO

**I.    INTRODUCTION**

    The undersigned defendants, by counsel have moved the Court to dismiss this action and to enjoin further actions on the same subject matter. The motion is based on the plaintiff's refusal to follow the Courts orders and to comply with the rules. The plaintiff, having failed to prevail on all issues when the Court ruled on April 14, 2003 on motions to dismiss filed by all defendants (in two separate motions), came to the conclusion that the Court was biased and petitioned for disqualification. He also filed a new action, not disclosing the old and, when the case was transferred to this Court he again moved to disqualify. Since filing the motions to disqualify, other than filing a motion for protective order relating to the undersigned defendants'

discovery requests the plaintiff has refused to participate in this action. He has refused to:

1. Communicate with the undersigned despite attempts to do so relative to his deposition and these defendants' production requests;

2. Produce any documents;

3. Attend his noticed deposition;

4. Participate in a Court-scheduled "on the record" conference call;

5. Attend a scheduled hearing and conference on all pending motions and for scheduling;

6. File a revised complaint complying with the Court's April 14, 2003 orders.

After the October 3, 2003 hearing which the plaintiff did not attend, on that same date, the Court issued a "Supplemental Notice To Pro Se Plaintiff". In that notice the Court alerted the plaintiff as follows:

> Within 21 days of this notice, the plaintiff Daniel W. Dumont shall file an amended complaint that complies with the Court's instructions and order in open court on April 14, 2003.
>
> **Failure to file such an amended complaint will result in the dismissal of some or all of plaintiff's claims.** [Emphasis in the Notice.]

The twenty-one days ended on October 24, 2003. No amended complaint was received by undersigned counsel as of that date or as of the date of this motion.

At this point the scheduling order time is running and the defendants have no complaint to which to plead or upon which to undertake discovery. In addition it is clear that the plaintiff

not only has failed to comply with the Court's orders, but that he intends to ignore this action and the Court's orders. This conduct is directly contrary to the Court's orders and is a clear failure to prosecute the action.

Due to plaintiff's decision that he is unwilling to pursue this action and to acknowledge and follow the orders of this Court and the rules of court, the only appropriate course is to dismiss the action.

In addition, the plaintiff has exhibited a propensity to evade this Court's orders by commencing new actions or proceedings. He commenced the second action against these and other defendants when the first was dismissed as to some parties and dismissed in part as to others and when his motion seeking to add parties was denied. He also filed a petition in the United States Supreme Court that in substance sought a separate ruling on his attempts to disqualify the Court. In order to avoid the potential for another attempt to evade the Court's dismissal by bringing a new action (the second action was dismissed on October 3, 2003 as to these defendants because this action was a prior pending action) it also is appropriate to enjoin the plaintiff from filing further actions involving the subject matter of this action and the Second Circuit action.

II.  **ARGUMENT**

    A.  **The Motion To Dismiss For Failure To Comply With Orders Or To Prosecute.**

The applicable rules provide as follows:

3

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 16(f), F. R. Civ. P.

> [37](b) Failure to comply with order.
> . . .
> (2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> . . .
> (C) **An order** striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action** or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
> . . .

Rule 37(b)(2), F. R. Civ. P. (emphasis added).

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*LAW OFFICES* • **COONEY, SCULLY AND DOWLING**
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

Rule 41(b), F. R. Civ. P.

The plaintiff has decided that he is not willing to continue to participate in this action before this Court and has chosen to ignore all orders and to refuse to communicate with counsel. He sought a stay of this action that was denied. However, he has chosen to undertake to achieve the same result by simply refusing to participate. It is respectfully submitted that the plaintiff cannot and must not be allowed to set the rules. He has been given ample opportunity to comply with the Court's orders and the court rules. He has chosen not to do so. In the "Supplemental Notice To Pro Se Plaintiff" the Court directly warned him that dismissal would be the result. Put simply, the only fair and appropriate approach that would preserve the due respect of and for the court and would be just to the defendants is the dismissal of the action, that is, all of the plaintiff's claims. As he has structured the situation it simply is not possible to proceed with the case or appropriate to accede to his disrespect for the Court and the process.

Unless the Court is going to allow the plaintiff to enter a de facto stay, the defendants cannot defend or prepare and the only relief that is appropriate is dismissal under Federal Rule 16(f), which incorporates the relief of dismissal as allowed by Rule 37(b)(2)(C) or under Federal Rule 41(b). The relief sought is justified and should enter.

    **B.**    **The Motion To Dismiss For Failure To Appear For Deposition.**

The applicable federal rule is Rule 37(d):

> (d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. **If a party** or an officer,

5

*LAW OFFICES • **COONEY, SCULLY AND DOWLING***
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party **fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice**, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, **the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.** Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Rule 37(d), F. R. Civ. P. (emphasis added).

By notice dated and served by mail on August 6, 2003 the undersigned defendants noticed the deposition of the plaintiff for September 11, 2003 at the United States District Court for Connecticut at Bridgeport. A copy of the Notice is attached to the motion to dismiss. The plaintiff, without discussing the matter with counsel, filed a Motion For Protective Order. It was that motion that caused the Court to schedule an "on record" conference call on September 6, 2003. The plaintiff declined to participate. During that conference the Court ordered that undersigned defense counsel contact plaintiff and discuss the content of the objections in an attempt to resolve them as required by Local Rule 9(d)2. Undersigned counsel attempted to

reach plaintiff by telephone and, that failing, he sent e-mails and a facsimile message in an attempt to communicate on the discovery issues in general and to determine the plaintiff' intent with regard to his deposition. Plaintiff never responded to the communications. Affidavit of Counsel and the exhibits thereto which are attached to the motion to dismiss.

While Rule 37(d) does suggest that a failure to appear "may" be excused if a motion for a protective order is pending, it should not be excused in this instance. Although such a motion was filed, it was not properly filed as it did not comply with Federal Rules of Civil Procedure, Rule 26(c) that provides, in part that the motion must be

> accompanied by a motion that the movant has in good faith conferred or attempt to confer with other affected parties in an effort to resolve the dispute without court action . . . .

*Accord,* Rule 37.a.2. Rules of the United States District Court for the District of Connecticut.

As supported by the Affidavit of counsel and the exhibits thereto: In the communication of September 8, 2003 counsel stated his intent to move for dismissal if the plaintiff failed to attend the deposition without our agreeing to cancel. In the communication of September 9, 2003, counsel also directed plaintiff to the sanctions available under Rule 37. The plaintiff never responded and did not appear. The undersigned (and defendant Collins) as well as a reporter appeared for the deposition at the appointed time and place. After waiting a period of time a record was made, including or an attempt to reach the plaintiff by telephone. In addition, before leaving the courthouse the undersigned re-checked the courthouse to see if the plaintiff

was in attendance and confirmed with Chambers that he was not present and had not communicated with the Court. The report was that he had not.

It is understood that it was the absence of an affidavit as required for a motion for protective order and the plaintiff's affirmative representation that he had not conferred with counsel that first caused the Court to initiate the September 5, 2003 "on-record" conference call and to direct undersigned counsel to contact the plaintiff to confer on the deposition and production requests. As shown, the plaintiff refused to confer. Certainly a party cannot effectuate a stay that excuses non-attendance at a deposition by improperly filing a motion for protective order and then simply refusing to discuss it so that it cannot be heard and remains pending. Accordingly, the situation here is such that the motion should not excuse the failure to attend and dismissal is in order.

In view of the plaintiff's failure to appear, made more egregious by his refusal to communicate with counsel leaving no choice but to attend or accede to the unilateral "cancellation", dismissal is the appropriate remedy.

C.   **Motion To Enjoin Further Actions.**

Federal Courts have the power to impose both monetary sanctions and injunctive relief where a litigant engages in the filing of repetitive and frivolous suits. *Ansley v. Green Bus Lines, Inc.*, 2000 U.S. Dist. LEXIS 66 (S.D.N.Y. 2000), *aff'd without discussion*, 2001 U. S. App.

LEXIS 6090 (2d Cir. 2001). This power derives from the All Writs Act,[1] Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), and the Court's own inherent power. *Vasile v. Dean Witter Reynolds*, 20 F.Supp.2d 465, 506 (E.D.N.Y. 1998), *aff'd* 2000 U. S. App. LEXIS 2237 (2d Cir. 2000).

Courts have acted under the All Writs Act and their inherent power to enjoin and sanction *pro se* plaintiffs who file multiple and frivolous actions or motions. *See Ansley*, 2000 U.S. Dist. LEXIS at 66 (enjoining *pro se* plaintiff from filing multiple frivolous lawsuits); *Malley v. N.Y.C. Bd. of Educ.*, 1995 U.S. Dist. LEXIS 10201, *9 (S.D.N.Y. 1995)[2] (enjoining *pro se* plaintiff from filing further complaints in the Southern District of New York without first obtaining judicial permission); *Vasile*, 20 F.Supp.2d at 505 (prohibiting *pro se* plaintiff from filing further motions in case without court's permission); *Fernicola v. Healthcare Underwriters Mut. Ins. Co.*, 2001 U.S. Dist. LEXIS 21724 (S.D.N.Y. 2001) (imposing injunction on *pro se* plaintiffs who filed same action in several different courts); *Sassower v. Field*, 973 F.2d 75 (2d Cir. 1992) (affirming district court's use of its inherent power to impose monetary sanctions on *pro se* plaintiff).

---

[1] The All Writs Act, 28 U.S.C. §1651 provides: "(a) The Supreme Court and all courts established by Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; (b) An alternative writ or rule nisi may be issued by a justice or judge or a court which has jurisdiction."

[2] Other cases in the series of litigations Mr. Malley brought in the Second Circuit include: *Malley v. Medical Bureau, N.Y.C. Bd. of Educ.*, 1994 U.S. Dist. LEXIS 21568 (S.D.N.Y. 1995); *Malley v. N.Y.C. Bd. of Educ.*, 207 F.Supp.2d 256 (S.D.N.Y. 2002).

LAW OFFICES • COONEY, SCULLY AND DOWLING
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

As the Court is aware, in response to the granting of co-defendants' motion to dismiss and the granting of these defendants' motion to dismiss in part, the plaintiff, on April 14, 2003 brought a new action incorporating the dismissed claims and adding parties that this Court refused to allow to be added to this action. Similarly, when the Court denied plaintiff's motion to disqualify the plaintiff's response was the filing of a petition for an extraordinary writ in the United States Supreme Court. Approaches such as these, instead of complying with the Court's orders and following the procedures provided in the rules demonstrate the real threat of the use of such an approach again once this matter is dismissed. Such an approach also would impose added and unnecessary involvement by and burden on the court, and unnecessary expense and time for the defendants. As the plaintiff has adequate remedies within the rules, it is respectfully suggested that it is appropriate to enter an order enjoining the plaintiff from bringing any further actions for the subject matter contained in this action, including the claims sought to be added to this action and not allowed and those claims made in the second action.

### III.    CONCLUSION

For the reasons stated herein it is submitted that dismissal is in order. In addition, to avoid the potential for further multiplication of litigation and attempts to evade the Court's orders the injunctive relief sought is appropriate.

LAW OFFICES • COONEY, SCULLY AND DOWLING
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141

Respectfully submitted,

DEFENDANTS, John A. Collins and Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.,

BY _____
     Louis B. Blumenfeld
     Cooney, Scully and Dowling
     Hartford Square North
     Ten Columbus Boulevard
     Hartford, Connecticut 06106-5109
     (860) 527-1141/Fed Bar # ct05636
Their Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel and *pro se* parties of record on October 31, 2003 as follows:

**Plaintiff:**
Daniel W. Dumont
867 County Road 29
Norwich, NY 13815

**Counsel for Defendant Martha S. Triplett, The Law Offices of Larry H. Lewis and Scottsdale Insurance Company:**
Deborah S. Freeman, Esq.
Nicole J. Anker, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103

_____
Louis B. Blumenfeld

#174707

LAW OFFICES • COONEY, SCULLY AND DOWLING
HARTFORD SQUARE NORTH • TEN COLUMBUS BOULEVARD • HARTFORD, CONNECTICUT 06106-5109 • (860) 527-1141